**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Willie Lee MURRAY, Defendant–**
**Appellant.**

**Nos. 01–2558, 01–2640.**

United States Court of Appeals,
Sixth Circuit.

Dec. 17, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

*ORDER*

In these consolidated appeals, pro se federal prisoner Willie Lee Murray seeks review of district court orders that denied relief: (1) from a district court order that denied his motion for the return of seized property, and (2) on his request for a refund of a special assessment paid on a vacated count of conviction. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Murray pleaded guilty to drug and firearm charges, including a violation of 18 U.S.C. § 924(c). In October 1990, the district court sentenced Murray to an aggregate sentence of 240 months of imprisonment. Murray did not appeal his conviction and sentence.

In January 1998, Murray filed an authorized second 28 U.S.C. § 2255 motion, claiming that his § 924(c) conviction should be vacated in the light of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). At the same time, he filed a Fed.R.Crim.P. 41(e) motion for the return of seized property.

The government conceded that Murray's *Bailey* claim had merit. The district court vacated Murray's conviction on the § 924(c) count but ordered further briefing on the Rule 41(e) motion. The district court ultimately denied Murray's 41(e) motion, and Murray unsuccessfully moved the court to reconsider the denial.

A few months before the district court denied the aforementioned motion to reconsider, Murray filed a motion in which he sought the return of the $50 special assessment he paid on the vacated § 924(c) count. The district court granted the motion and ordered that the government pay Murray $50 plus accrued interest. Pursuant to a government motion to reconsider, the district court vacated this order, construed the motion for the return of the $50 as a successive § 2255 motion,

and transferred the case to this court pursuant to 28 U.S.C. § 1631.

In appeal numbered 01–2558, Murray argues that the district court erred by denying his Rule 60(b) motion to vacate the denial of his Rule 41(e) motion for the return of seized property. This court reviews a district court's denial of a Rule 60(b) motion for an abuse of discretion. *Thompson v. Am. Home Assur. Co.,* 95 F.3d 429, 433 (6th Cir.1996). The record reveals no abuse of discretion. We affirm the district court's order regarding the 41(e) motion for the reasons stated by the district court and in the light of the Supreme Court's recent decision in *Dusenbery v. United States,* 534 U.S. 161, 168, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002).

Murray's appeal in case number 01–2640 has merit. Contrary to the government's contentions, no note in Murray's motion for the return of his $50 special assessment fee sounds as a motion seeking relief under § 2255. It is not styled as a § 2255 motion, and he clearly just wants his money back. The district court originally granted this motion, but it appears that the district court vacated this order based on the government's mistaken construction of the motion as a successive § 2255 action.

In the light of liberal construction, which must be afforded to the motion, Murray gets his $50 back. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). It is obvious that mere oversight or clerical error has kept Murray's refund out of his hands. Fed.R.Crim.P. 36. A clerical error that may be corrected pursuant to Fed.R.Crim.P. 36 may be corrected at any time; no prior authorization from this court is required. Accordingly we vacate the district court's order and remand this case to the district court so that the error may be corrected. The district court shall determine whether

Murray may receive interest on the $50, and whether the court clerk or the government is responsible for returning the money to Murray.

In sum, the district court's judgment in appeal number 01–2558 is AFFIRMED. The order appealed in case number 01–2640 is VACATED, and that case is REMANDED so that a clerical error may be corrected. Rule 34(j)(2)(C), Rules of the Sixth Circuit.